**Gary W. Osborne (Bar No. 145734)**
**Dominic S. Nesbitt (Bar No. 146590)**
OSBORNE & NESBITT LLP
501 West Broadway, Suite 1760
San Diego, California 92101
Phone: (619) 557-0343
Fax: (619) 557-0107
gosborne@onlawllp.com
dnesbitt@onlawllp.com

Attorneys for Plaintiff, MEDEANALYTICS, INC.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEDEANALYTICS, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> FEDERAL INSURANCE COMPANY, an Indiana Corporation, <br><br> Defendant. | CASE NO. <br><br> **COMPLAINT FOR BREACH OF CONTRACT (DEFENSE COSTS); BREACH OF CONTRACT (SETTLEMENT COSTS); TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; AND FOR PUNITIVE DAMAGES** <br><br> DEMAND FOR JURY TRIAL |

Plaintiff MedeAnalytics, Inc. ("Mede") respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. § 1332(a), because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2. The matter in controversy is between citizens of different states. The Plaintiff, Mede, is diverse of citizenship from the Defendant, Federal Insurance

1  Company ("Federal"). Mede was incorporated in Delaware and has its principal place
2  of business in California. Federal, on the other hand, was incorporated in Indiana and
3  has its principal place of business in New Jersey.
4      3.    Venue is proper in this District under 28 U.S.C. §1391(b)(1), (c)(2) and (d)
5  in that Federal is subject to personal jurisdiction in this District and therefore is deemed
6  to reside here. Venue is also proper under 28 U.S.C. §1391(b)(2) because the contracts
7  of insurance which are the subject of this action were entered into and were to be
8  performed within this District, and the underlying events giving rise to Mede's claim for
9  coverage occurred within this District.

## INTRADISTRICT ASSIGNMENT

    4.    This action arises in Alameda County because it arises out of the breach of certain contracts of insurance which were entered into, and were to be performed, within Alameda County. Accordingly, this action should be assigned to the Oakland Division.

## THE PARTIES

    5.    Plaintiff Mede is a corporation duly organized and existing under the laws of the State of Delaware. Mede is a healthcare financial performance analytics software pioneer headquartered in Emeryville, California.

    6.    Defendant Federal is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Indiana, duly licensed to do business in the State of California.

## GENERAL ALLEGATIONS

**A.**     **Federal Insured Mede Against Lawsuits Seeking Damages for Injury Caused by Libel and Slander**

    7.    Federal issued both primary and excess umbrella policies to Mede.

    8.    <u>The Federal Primary Policies</u> - Federal issued consecutive primary liability insurance policies to Mede during the period from December 31, 2012 to December 31,
///

2014 (the "Primary Policies"). Both of these Primary Policies bore policy number 3600-42-62 PLE.

9. The Primary Policies promised Mede a defense and indemnity against third-party lawsuits alleging claims of "personal injury." Each of the Primary Policies provided a limit of liability for "personal injury" claims of $1 million with defense costs to be payable in addition to this limit.

10. "Personal injury" was defined to include:

> [I]njury . . . caused by an offense of:
>
> * * * *
>
> D.  electronic, oral, written or other publication
>     of material that: libels or slanders a person
>     or organization (which does not include
>     disparagement of goods, products,
>     property or services); . . . .

11. The duty-to-defend provision stated as follows:

> [W]e will have the right and duty to defend the
> **insured** against a **suit**, even if such **suit** is false,
> fraudulent or groundless.

12. <u>The Federal Excess Policies</u> - Federal also issued consecutive Excess/Umbrella policies to Mede during the period from December 31, 2012 to December 31, 2014 (the "Excess Policies"). Both Excess Policies bore policy number 7988-96-27 and had liability limits of $15 million. The Excess Policies followed the terms and conditions of the Primary Policies described above, and apply to that part of loss which exceeds the relevant Primary Policy's applicable limits.

13. Mede paid the full premiums due and has performed all conditions required of it under the Federal Primary and Excess Policies.

/ / /

/ / /

B. **Mede Was Sued For, *Inter Alia*, Making Disparaging Statements About Another Company While Attempting To Solicit Its Employees**

14. Mede contractors, Zlagoda Tekhnologii ("Zlagoda") and Stella Systems, LLC ("Stella") (collectively "Stella/Zlagoda"), are privately held companies operating in Kharkiv, Ukraine. For nearly ten years, from 2004 to 2014, Mede and Stella/Zlagoda had a relatively productive relationship whereby Stella/Zlagoda provided off-shore development services to Mede.

15. On February 26, 2014, Stella/Zlagoda filed a lawsuit in the United States District Court for the Northern District of California entitled *Stella Systems, LLC et al. v. MedeAnalytics, Inc.*, and assigned Case No. 3:14-cv-00880 LB (hereafter "*Stella v. Mede*"). On April 28, 2014, Stella/Zlagoda filed a First Amended Complaint ("FAC").

16. The FAC in *Stella v. Mede* alleged that for the previous ten years, Stella/Zlagoda had provided information technology services for Mede's end-user client hospitals and health care providers. The FAC further alleged that since April 2013, Mede had taken certain actions designed to drive Stella/Zlagoda out of business, including wrongfully soliciting Stella's employees.

17. For example, it was alleged that in order to create employee dissatisfaction with Stella, "MEDE, its officers, directors, agents, and employees, began to make disparaging comments about STELLA and its directors and officers . . . ." (Underscore added). The FAC alleged that approximately 38 former Stella employees currently work for Mede and that Mede "continues to actively solicit STELLA employees to work for MEDE via Skype."

18. The FAC described the damage allegedly caused by Mede's alleged actions, including the solicitation of employees, as follows:

> 43. MEDE intentionally solicited STELLA's employees, knowing that STELLA's employees were essential to STELLA in providing information technology services in the areas of business

COMPLAINT
4

> intelligence and financial analytics. MEDE acted unreasonably and in bad faith towards Plaintiffs through the following acts meant to harm Plaintiff's businesses: (i) <u>MEDE disparaged Plaintiffs and their officers and directors to Plaintiffs' employees</u>;
>
> .... (Underscore added).

19. The FAC asserted five causes of action. The first was for "Breach of Written Contract" and alleged that Stella was an intended third party beneficiary of an Agency Agreement between Zlagoda and Mede. It was alleged that Mede breached a non-solicitation provision in the Agency Agreement.

20. The second cause of action was for "Breach of the Covenant of Good Faith and Fair Dealing," which again alleged that Stella was an intended third party beneficiary of the Agency Agreement. It was alleged that Mede's actions unreasonably interfered with Stella/Zlagoda's right to receive the benefits of the Agency Agreement by, *inter alia*, soliciting Stella's employees "by disparaging STELLA and its managers and directors . . . ."

21. The third, fourth and fifth causes of action were for, respectively, "Intentional Interference with Contract," "Intentional Interference with Prospective Economic Advantage," and "Negligent Interference with Prospective Economic Relations." These "interference" causes of action alleged that Mede had disrupted Stella's employment relationships by raiding and soliciting Stella's employees. Each of the causes of action incorporated all preceding paragraphs of the FAC.

**C.    Federal Wrongfully Denies A Duty to Defend Mede**

22. On April 29, 2014, Mede tendered the FAC in *Stella v. Mede* to Federal for a defense.

23. On May 28, 2014, having undertaken no meaningful investigation of the allegations made against Mede, Federal responded by disclaiming that it owed any duty to defend. Although Federal acknowledged that the FAC alleged "disparagement," it

nevertheless denied it owed Mede a duty to defend on the ground that the "allegations do not arise to the element of libel and/or slander within the definition of **Personal Injury** and appear to arise out of the alleged breach of the Agency/Services Agreement."

24. In reality, as Federal was fully aware, the FAC's allegation of "disparagement" created a clear potential for covered liability under California law. Moreover, this potential liability was not eliminated by either of the exclusions cited in Federal's denial letter, as Federal itself acknowledged by merely stating that these exclusions "may" be applicable in precluding coverage.

25. Federal's failure to conduct any meaningful investigation of the allegations made in *Stella v. Mede*, and then disclaiming coverage based upon the uncertain application of policy exclusions, was a clear violation of California insurance law. Federal had a duty to investigate Mede's defense tender and to assume Mede's defense immediately if any potential for covered liability existed under its policies. By failing in both these regards, Federal breached the terms of its policies and its implied covenant of good faith and fair dealing.

26. As a result of Federal's wrongful failure to defend, Mede was forced to fund its own defense and settlement of the lawsuit.

## FIRST CLAIM FOR RELIEF

### Breach of Contract (Defense Costs)

(By Mede against Federal)

27 Mede incorporates and re-alleges paragraphs 1 through 26 as though fully set forth herein.

28. Mede performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Policies.

29. Federal breached the terms of the Primary Policies by wrongfully denying insurance benefits to Mede, which benefits are now due and payable in respect of all amounts reasonably incurred by Mede in its defense of *Stella v. Mede*.

COMPLAINT
6

1  30.  As a direct and proximate result of the above-mentioned breaches of contract by Federal, Mede has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

## SECOND CLAIM FOR RELIEF

### Breach of Contract (Settlement Costs)

(By Mede against Federal)

31.  Mede incorporates and re-alleges paragraphs 1 through 26 and 28 through 30 as though fully set forth herein.

32.  Mede performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the Primary and Excess Policies.

33.  Federal breached the terms of the Primary and Excess Policies by wrongfully denying insurance benefits to Mede, which benefits are now due and payable in respect of the consideration paid by Mede to settle *Stella v. Mede*.

34.  As a direct and proximate result of the above-mentioned breaches of contract by Federal, Mede has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

## THIRD CLAIM FOR RELIEF

### Tortious Breach Of The Implied Covenant Of Good Faith And Fair Dealing

(By Mede against Federal)

35.  Mede incorporates and re-alleges paragraphs 1 through 26, 28 through 30, and 32 through 34 as though fully set forth herein.

36.  A relationship of trust and confidence was established between Federal on the one hand and Mede on the other hand, by virtue of Mede's status as an insured under the Primary and Excess Policies. Federal had a duty to deal fairly and in good faith with Mede in all matters between them.

///

37. Mede is informed and believes and on that basis alleges that Federal breached its duty of good faith and fair dealing when, among other things, it did the following:

    a. Wrongfully and unreasonably denied a duty to defend in conscious disregard of California insurance law and Mede's rights;

    b. Failed to undertake any meaningful investigation of Mede's defense tender;

    c. Failed to defend Mede immediately upon learning facts from *Stella v. Mede* which gave rise to a potential for covered liability;

    d. Failed to defend based upon uncertain application of policy exclusions which is in direct contravention of California law;

    e. Failed to give at least as much consideration to the welfare of Mede as it did to its own interests; and

    f. Ignored California law in evaluating its defense obligation.

38. As a direct and proximate result of the above-mentioned breaches of the duty of good faith and fair dealing, Mede has been damaged in an amount to be proven at trial. Said damages exceed the jurisdictional minimum required by this court.

39. Mede is informed and believes and on that basis alleges that Federal denied insurance benefits to Mede despite knowing facts which clearly and unambiguously demonstrated that it owed Mede a defense against *Stella v. Mede*. Despite this knowledge, however, Federal made a calculated decision to wrongfully deny Mede's claim for a defense, and gamble that its denial would go unchallenged. Federal intentionally denied Mede's insurance claim despite knowledge of its coverage obligations, and acted with an intent to enrich itself while injuring and harming Mede.

Federal's conduct in this matter satisfies the statutory grounds of "oppression, fraud or malice" so as to justify an award of punitive damages in order to punish it and to deter such conduct in the future.

**WHEREFORE**, Mede prays for judgment against Federal as follows:

1. For damages sustained as a result of the breaches and tortious breaches of contract alleged herein, according to proof;

2. For attorney's fees including, but not limited to, an award of attorney's fees pursuant to *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985);

3. For punitive damages pursuant to California Civil Code section 3294; and

4. For prejudgment interest, costs and expenses of suit, and such other and further relief as the Court deems just and proper.

DATED: September 9, 2015

OSBORNE & NESBITT LLP

By: /s/Dominic S. Nesbitt
Dominic S. Nesbitt
Attorney for Plaintiff,
MEDEANALYTICS, INC.
Email: dnesbitt@onlawllp.com

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Mede hereby demands a jury trial on all issues so triable.

DATED: September 9, 2015                                OSBORNE & NESBITT LLP

By: /s/Dominic S. Nesbitt
Dominic S. Nesbitt
Attorney for Plaintiff,
MEDEANALYTICS, INC.
Email: gosborne@onlawllp.com

COMPLAINT
10